

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RAMON SANCHEZ-VEJAR, PRO SE § <br> BOP Number 30508-177, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA § <br> § <br> Respondent. § | 2:16-CV-0209 <br> (criminal case: 2:03-CR-0047-J(02)) |

**REPORT AND RECOMMENDATION TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The Court is in receipt of RAMON SANCHEZ-VEJAR's pro se "Motion for Permission to Amend Pleading Must Make a Prima Facie First or Second or Sucessive [sic] Pursuant to 28 U.S.C. § 2255 [sic]" D.E. 3. To the extent that SANCHEZ-VEJAR seeks relief under 28 U.S.C. § 2255, it is recommended that his Motion be dismissed. To the extent that SANCHEZ-VEJAR seeks relief pursuant to 18 U.S.C. § 3582(c)(2), it is recommended that his Motion be denied.

I.   **Background and Procedural History**

On July 7, 2003, SANCHEZ-VEJAR pleaded guilty to CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE and AIDING AND ABETTING, in violation of Title 21 U.S.C. § 846 (§ 841(a)1)) and 18 U.S.C. § 2. *See United States of America vs. Ramon Sanchez-Vejar*, No. 2:03-CR-047-J(02), D.E. 651 at 1-2. On October 1, 2003, the District Judge sentenced SANCHEZ-VEJAR to 292 months of imprisonment, and 5 years of supervised release with special conditions. *See United States of America vs. Ramon Sanchez-Vejar*, No. 2:03-CR-047-J(02), D.E. 796 at 2-3. Judgment was entered on October 1, 2003. *Id.* at 1-6.

SANCHEZ-VEJAR did not file a direct appeal. SANCHEZ-VEJAR filed his first Motion to Vacate sentence on June 16, 2006.[1]

On November 3, 2014, and on November 20, 2014, SANCHEZ-VEJAR filed two separate Motions to Reduce Sentence based on the 2014 Drug Guidelines Amendment. *See United States of America vs. Ramon Sanchez-Vejar*, No. 2:03-CR-047-J(02), D.E. 1178; D.E. 1187. On November 5, 2014, and February 11, 2015, respectively, the Motions to Reduce Sentence were denied. SANCHEZ-VEJAR filed appeals on both denials, but the Fifth Circuit affirmed the decision of the District Court. *United States of America vs. Ramon Sanchez-Vejar*, No. 2:03-CR-047-J(02), D.E. 1203. SANCHEZ-VEJAR also filed a Motion to Reconsider his sentence reduction motion, but this Motion was also denied. *United States of America vs. Ramon Sanchez-Vejar*, No. 2:03-CR-047-J(02), D.E. 1204; 1205. On September 30, 2016, SANCHEZ-VEJAR filed his instant Motion. D.E. 3. In his Motion, SANCHEZ-VEJAR contends he is entitled to receive the benefit of Amendment 794 of the United States Sentencing Guidelines (hereinafter, "U.S.S.G."). *Id.* at 4. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2, cmt. n. 3(A) (2014). The United States Sentencing Commission drafted Amendment 794 to make it clear that, when determining whether a defendant played a minor or minimal role in the subject criminal activity, as opposed to the "universe of persons participating in similar crimes." *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend. 794, at 116-18 (Supp. Nov. 1, 2015) (internal citations and quotation marks omitted)). Amendment 794 also revised the commentary to § 3B1.2 in other ways. Specifically, the Amendment:

> "revise[d] the commentary to emphasize that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise

---

[1] Petitioner's current Motion can also be classified as a Motion pursuant to § 3582(c)(2), as discussed below, so to the extent that petitioner's Motion is also a request pursuant to § 2255, this Court will not address the successive nature of petitioner's current § 2255 Motion. Additionally, petitioner is not entitled to § 2255 relief.

eligible." ... Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. In addition, Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

*Id.* at 329-30 (citations omitted, formatting altered). Amendment 794 became effective on November 1, 2015,[2] several years after SANCHEZ-VEJAR's final judgment was entered. *See United States of America vs. Ramon Sanchez-Vejar*, No. 2:03-CR-047-J(02), D.E. 796. SANCHEZ-VEJAR's Motions to Reduce in 2014 did not alter the finality of his Judgment in 2003. SANCHEZ-VEJAR argues that the Court should apply Amendment 794 retroactively to allow him to receive a reduction in his sentence because he was only a minor participant in the crime charged. D.E. 3 at 1-12. In support of his argument, SANCHEZ-VEJAR relies upon *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016). D.E. 3 at 2. In *Quintero-Levya*, the Court of Appeals for the Ninth Circuit determined that Amendment 794 applies retroactively on *direct appeal*. *Quintero-Levya*, 823 F.3d at 522.[3] SANCHEZ-VEJAR contents that a retroactive application of Amendment 794 would be in the interest of justice here because he "did not have a managerial role" in the crime. D.E. 3 at 12. SANCHEZ-VEJAR argues he is entitled to a two-level reduction in his sentence because he was "less culpable" than his co-defendants. D.E. 3 at 6. SANCHEZ-VEJAR also argues that his trial counsel was ineffective for not challenging the points enhancement he received as being a "manager" under § 3B1.2.[4]

---

[2] *Gomez-Valle*, 828 F.3d 324, 327 n.3 (citing the "Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25, 782, 25,782 (May 5, 2015)").

[3] In *Gomez-Valle*, the Fifth Circuit did not reach the issue of whether Amendment 794 may be applied retroactively. *Gomez-Valle*, 828 F.3d 324, 330 (noting that the issue is a "matter of first impression in this circuit," but finding that Gomez-Valle's particular case did not require resolution of the issue.)

[4] Although this Court's recommendation finds that Amendment 794 is not retroactive, it appears from a review of SANCHEZ-VEJAR's criminal case and his current Motion that he did not have "less" culpability than his co-defendants in the commission of this crime. To the extent SANCHEZ-VEJAR is arguing that his counsel was ineffective for failing to challenge the enhancement, this claim is also time barred.

## II. Discussion

SANCHEZ-VEJAR has styled his Motion as one brought pursuant to 28 U.S.C. § 2255. However, a federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a Constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). The Supreme Court has also determined "that post-sentencing changes in policy do no support a collateral attack on the original sentence under § 2255." *United States v. Perez*, No.08CR00429-06 (DLC), 2016 WL 4775536, at *1 (S.D.N.Y. Sept. 14, 2016) (citing *United States v. Addonizio*, 442 U.S. 178, 186-87 (1979)). Thus, to the extent SANCHEZ-VEJAR is seeking relief pursuant to § 2255, his motion is subject to dismissal because he has failed to state a cognizable claim.

Nevertheless, federal courts have a duty to construe pro se prisoner pleadings liberally to honor the substance of the pleading, over the form of the pleading, or the label bestowed upon the pleading by the prisoner. *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011); *see also United States v. Porter*, 335 Fed.Appx. 408, 410 (5th Cir. 2009) (per curiam) (unpublished) ("As a general rule, 'review of the merits of a federal prisoner's claim is not circumscribed by the label attached' to the claim; accordingly, the 'essence' of the claim, rather than its title, controls. *United*

*States v. Santora*, 711 F.2d 41, 42 n. 1 (5th Cir. 1983)"); *Gibson v. Stephens*, No. 12-CV-3270-P, 2013 WL 5450578, at *2 (N.D. Tex. Sept. 30, 2013) ("[T]he label used by the pro se litigant does not determine the nature and effect of the filing.") (citations omitted).

In the Fifth Circuit, "courts have found that a § 2255 motion to vacate is not the proper procedural vehicle for seeking the reduction of a sentence based on a retroactive Guideline amendment and that such relief should instead be sought via a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Kimbrough v. United States*, No. C.A. 06-116-S, 2010 WL 1727920, at *3 (D.R.I. Apr. 27, 2010) (citing *United States v. Porter*, 335 Fed. Appx. 408, 409; *United States v. Newman*, C.A. No. 4:07–cv4581, 2009 WL 2413282 at *9 (S.D. Tex. July 29, 2009)). For example, in *United States v. Porter*, the Fifth Circuit found that the district court had properly construed a prisoner's § 2255 motion as a motion brought pursuant to § 3582(c)(2) because the prisoner "claimed that his sentence should be reduced based on amendments to the Sentencing Guidelines[.]" 335 Fed. Appx. 408, 409 ("Under § 3582(c), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2)."). *See also United States v. Perez*, 2016 WL 4775536, at *2 (construing a prisoner's § 2255 motion seeking the retroactive application of Amendment 794 as a § 3582(c)(2) motion); *Wood v. United States*, No. 1:16-CV-00256-MR, 2016 WL 4445766, at *1, n. 1 (W.D.N.C. Aug. 22, 2016) (dismissing a prisoner's § 2255 motion without prejudice to the filing of a motion under § 3582(c)(2) because "a Section 2255 petition is not the proper vehicle for a defendant to seek sentencing relief based on a retroactive amendment to the sentencing guidelines.").

Because SANCHEZ-VEJAR's Motion asks the Court to apply Amendment 794 retroactively to allow him to obtain a reduction in his sentence, it is recommended that the Court

construe his Motion as a motion seeking relief pursuant to 18 U.S.C. § 3582(c)(2). *See Porter*, 335 Fed. Appx. 408, 409; *Perez*, 2016 WL 4775536, at *2 (noting that the Commission "has opined that '[t]he proper vehicle for seeking a sentence reduction pursuant to an amendment to the guidelines given retroactive application by the Commission is a motion to reduce sentence pursuant to 18 U.S.C. § 3582.' U.S.S.G. Commission, Office of General Counsel, Retroactivity: Procedural Issues 15 (Aug. 2014).") (errors in original).

Still, construing SANCHEZ-VEJAR's Motion as one brought under § 3582(c)(2) does not entitle him to relief. In *Porter*, the Fifth Circuit explained that a prisoner may not obtain relief under § 3582(c)(2) if they are seeking the retroactive application of a U.S.S.G. amendment that is not listed as retroactive in U.S.S.G. § 1B1.10. *Porter*, 335 Fed.Appx. 408, 410. *Porter* held as follows:

> Section 3582(c)(2) applies only to retroactive Guidelines amendments, as set forth in Guideline § 1B1.10(a) (the Guidelines policy statement regarding reduction in term of imprisonment for amended Guideline ranges). *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). The Sentencing Commission has stated that, unless an amendment is listed in Guideline § 1B1.10(c), a reduction based on that amendment under § 3582(c) is not consistent with Guideline § 1B1.10's policy statement. *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (May 2008). Amendment 794 is not listed in § 1B1.10(c) as an amendment covered by the policy statement. *See* U.S.S.G. § 1B1.10(c) (May 2008).
>
> Insofar as Porter contends Amendment 794 is a clarifying amendment that should be applied retroactively, even though it is not listed in Guideline § 1B1.10(c), this court has held that, except on direct appeal, a clarifying amendment is not to be applied retroactively unless the amendment is listed in Guideline § 1B1.10(c). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

*Id.* at 410.

The *Porter* Court's citation to "U.S.S.G. § 1B1.10(c) (May 2008) [,]" reveals that it was citing to the 2008 version of § 1B1.10(c). In 2008, § 1B1.10(c) provided, in its entirety, as follows:

> (c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380,

433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

U.S.S.G. § 1B1.10(c) (2008); *see also United States v. McNair*, No. 3:06-CR-80-WHB, 2008 WL 2566825, at *1 (S.D. Miss. June 25, 2008).

SANCHEZ-VEJAR's sentence was calculated and imposed in 2003. In 2014 subsection (c) of 1B1.10 became subsection (d). *Compare* U.S.S.G. § 1B1.10 (2008), *with* U.S.S.G. § 1B1.10 (2014). In 2014, subsection (d) provided, in its entirety, as follows:

> Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

U.S.S.G. § 1B1.10(d) (2014). Subsection (d) has not changed since 2014. *See* U.S.S.G. § 1B1.10(d) (2015).

Subsection (d) does not list Amendment 794. Accordingly, because Amendment 794 is not listed in § 1B1.10(d), this Court may not apply the Amendment retroactively to provide SANCHEZ-VEJAR with § 3582(c)(2) relief. *See United States v. Drath*, 89 F.3d 216, 218 (holding that § 3582(c)(2) only applies to an amendment if it is "specifically listed" as retroactive in the covered amendments section of § 1B1.10) (citations omitted); *Porter*, 335 Fed.Appx. 408, 410 (same). Construed as an application for § 3582(c)(2) relief, then, SANCHEZ-VEJAR's Motion must be denied.

### III. Conclusion and Recommendation

To the extent SANCHEZ-VEJAR seeks relief under 28 U.S.C. § 2255, it is RECOMMENDED his Motion be dismissed for the reasons provided above. To the extent SANCHEZ-VEJAR seeks relief pursuant to 18 U.S.C. § 3582(c)(2), it is RECOMMENDED his Motion be denied for the reasons provided above.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___16th___ day of June, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).